

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00229-CR

---

## In re Stevie L. Stenson, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Stevie L. Stenson, an individual confined in the Texas Department of Criminal Justice-Institutional Division, filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221 (establishing intermediate appellate court writ of mandamus power); Tex. R. App. P. 52.1 (discussing commencement of original proceedings in court of appeals). In his petition, Stenson requests that this Court compel the Honorable Ruben Gonzalez, the presiding judge of the 432nd District Court of Tarrant County, Texas, to make a finding pursuant to Article 64.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 64.01. We dismiss the petition for lack of subject-matter jurisdiction.

In 2012, this Court issued an opinion on the merits of Stenson's direct appeal affirming the trial court's judgment. *Stenson v. State*, No. 08-11-00033-CR, 2012 WL 3364096, at *1, *7 (Tex. App.—El Paso Aug. 15, 2012, pet. ref'd) (not designated for publication). Although Stenson's appeal did not originate in our appellate district, the Texas Supreme Court ordered his appeal transferred to us from the Second Court of Appeals pursuant to its docket equalization efforts. *See* Tex. Gov't Code § 73.001.

Stenson's present petition for writ of mandamus is an original appellate proceeding, which is different from his direct appeal. *See* Tex. R. App. P. 52.1. This Court has the authority to issue writs of mandamus against a judge of a district, statutory county, statutory probate county, or county court in the Eighth Court of Appeals district as well as all writs necessary to enforce our appellate jurisdiction. Tex. Gov't Code § 22.221(a), (b). Tarrant County is in the Second Court of Appeals District, not within our appellate district. *Compare id*. § 22.201(c) (listing the counties making up the Second District), *with id*. § 22.201(i) (listing the counties located within the Eighth District). In addition, because Stenson's "underlying criminal case that was before us is long since final, there is no action that we need take to enforce our own jurisdiction." *In re Franco*, No. 08-24-00127-CR, 2024 WL 2279207, at *1 (Tex. App.—El Paso May 20, 2024, orig. proceeding) (mem. op.) (citing *In re Jackson*, No. 08-21-00033-CV, 2021 WL 732857, at *2 (Tex. App.—El Paso Feb. 25, 2021, orig. proceeding) (mem. op., not designated for publication) (dismissing a petition for writ of mandamus for this same reason)).

Because the Second Court of Appeals rather than this Court is the appellate court with jurisdiction over such a petition, we dismiss Stenson's petition for writ of mandamus for lack of subject-matter jurisdiction. *See Franco*, 2024 WL 2279207, at *1.

LISA J. SOTO, Justice

June 10, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)